**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:06cv426-HSO-JMR** |
| | § | |
| **RENTAL SERVICE CORP.,** | § | |
| **PRIME EQUIPMENT & SUPPLY CORP.** | § | **DEFENDANTS** |

## ORDER AND REASONS GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT, DENNIS R. HOWARD

BEFORE THE COURT is a Motion to Strike Plaintiff's Expert, Dennis R. Howard [133], filed on September 28, 2007, by Defendants Rental Service Corporation ("RSC") and Prime Equipment & Supply Corp. ("Prime"), in the above captioned cause.  Plaintiff filed a Response [152] and Defendants filed a Reply [161] to Plaintiff's Response.

After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that Defendants' Motion should be granted in part and denied in part.

## I. DISCUSSION

Defendants assert that the testimony of Plaintiff's industrial safety expert, Dennis R. Howard ("Howard"), should be excluded on the grounds that he sets forth unsupported opinions and otherwise wrongfully advocates for Plaintiff's case. Plaintiff responds that Defendants' arguments are without merit and that Howard's testimony is admissible under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In determining whether proffered expert testimony is admissible, the Court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)(finding the principles of *Daubert* not limited to "scientific knowledge"). The standards articulated in *Daubert* comport with Federal Rule of Evidence 702, which states that an expert witness may testify

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

*Daubert*, in conjunction with Rule 702, "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony...is not only relevant, but reliable." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580 (5th Cir. 2001)(quoting *Kumho*, 526 U.S. at 147). In performing its gatekeeper function prescribed under *Daubert*,

> the district court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."

*United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)(quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

> As the Court in *Daubert* makes clear, however, the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*Id.* at 1078.

Here, it is clear from a review of Howard's expert report that his opinions relied upon the following: deposition testimony of the Plaintiff, his employer, other witnesses, and the driver of the forklift; the incident report; photographs of the work site; affidavits and recorded statements of witnesses; and Occupational Safety and Health Administration ("OSHA") regulation 29 CFR 1910.178 and the final rule as published in the Federal Register.  *See* Howard Expert Report, attached as Ex. "A" to Defs.' Mot. to Strike; *see also* Pl.'s Resp. at p. 8-9.  There is no direct challenge apparent from Defendants' Motion to the reliability of the sources Howard referenced or to Howard's qualifications in terms of his education or experience; rather, Defendants' argument focuses on contrary testimony put forward by Yates' Safety Technician, Allen Pate, and otherwise contends that Howard has simply stated his own personal opinions without sufficient reasoning.

In evaluating an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate."  *Daubert*, 509 U.S. at 595.  Based upon a review of the record, it is the Court's opinion that Defendants' assertions go to the weight rather than the admissibility of Howard's testimony and are most properly tested through "the crucible of adversarial proceedings...."  *14.38 Acres of Land*, 80 F.3d at 1079; *see also Roy v. Florida Marine*

*Transporters, Inc.*, No. 03-1195, 2004 WL 551208, at * 5 (E.D. La. March 18, 2004).

The Court further finds that Howard's testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Bridges v. Enterprise Products Co., Inc.*, No. 3:05cv786-WHB-LRA, 2007 WL 465738, at *3 (S.D. Miss. Feb. 8, 2007)(citing *Daubert*, 509 U.S. at 591).  To assist the trier of fact, the opinions or testimony of the expert must relate to an issue in the case and "concern matters beyond the understanding of the average person." *Id.*(quoting 4 WEINSTEIN'S FEDERAL EVIDENCE, § 702.03 (2d ed. 2003)); *see also Daubert,* 509 U.S. at 591(stating whether the testimony assists the trier of fact and concerns an issue in the case is a question of relevancy)*; United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993)(finding "[a]n expert's testimony may take the form of an opinion if it 'serves to inform the jury about affairs not within the understanding of the average man'")(quoting *United States v. Webb*, 625 F.2d 709, 711 (5th Cir. 1980)).  Because industrial safety is an area outside the ordinary knowledge of a layperson and has a direct connection to a material issue in the case, Howard's proposed testimony comports with Rule 702.

The Court does find, however, that Howard's testimony should be limited to the extent it purports to make legal conclusions.  Though Federal Rule of Evidence 704 "abolishes the per se rule against testimony regarding ultimate issues of fact," neither it nor Rule 702  permit an expert to testify as to legal conclusions or to offer "evidence which wastes time," such as "opinions which would merely tell the jury

what result to reach." FED. R. EVID. 704 advisory committee's note (stating "[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach....They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239-40 (5th Cir. 1983)(citing *United States v. Grote*, 632 F.2d 387, 390 (5th Cir. 1980))*; United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).

Howard testifies that Prime "abused its authority" by certifying individuals without providing proper instruction, and that such failure to provide instruction was the "proximate cause" of the accident in this case. *See* Howard Expert Report, attached as Ex. "A" to Defs.' Mot. to Strike; Howard Unsworn Declaration Under Penalty of Perjury, attached as Ex. "3" to Pl.'s Br. in Resp. to Defs.' Mot. to Strike. The Court is of the opinion that such terms amount to legal determinations that are for the jury to draw based upon the Court's instructions on the law. For this reason, these terms must be stricken from his testimony, and counsel are advised to instruct Mr. Howard to refrain offering such conclusory legal statements or opinions as part of his testimony.

## II. <u>CONCLUSION</u>

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that Howard's testimony–with the exception of his use of the legal terms recited above–comports with the Federal Rules of Evidence as well as the

standards set forth in *Daubert*.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [133] of  Defendants Rental Service Corporation and Prime Equipment & Supply Corp., to Strike Plaintiff's Expert, Dennis R. Howard, filed on September 28, 2007, should be and is hereby **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2008.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-6-