**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:06cv426-HSO-JMR** |
| | § | |
| **RENTAL SERVICE CORP.,** | § | |
| **PRIME EQUIPMENT & SUPPLY CORP.** | § | **DEFENDANTS** |

<u>**ORDER AND REASONS DENYING DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S EXPERT, DR. PAT CULBERTSON**</u>

BEFORE THE COURT is a Motion to Strike Plaintiff's Expert, Dr. Pat
Culbertson [135], filed on September 28, 2007, by Defendants Rental Service
Corporation ("RSC") and Prime Equipment & Supply Corp. ("Prime"), in the above
captioned cause.  Plaintiff filed a Response [146] and Defendants filed a Reply [163] to
Plaintiff's Response.  Plaintiff then filed a Surrebuttal [187] and Defendants filed a
Response to Plaintiff's Surrebuttal [201].

After consideration of the submissions and the relevant legal authorities and for
the reasons discussed below, the Court finds that Defendants' Motion should be denied.

I. <u>DISCUSSION</u>

Defendants assert that the testimony of Plaintiff's expert economist, Dr. Pat
Culbertson ("Culbertson"), should be excluded on the grounds that he sets forth
unsupported, unreliable, and irrelevant opinions.  Plaintiff responds that Dr.
Culbertson's testimony is admissible under the Federal Rules of Evidence and *Daubert
v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In determining whether proffered expert testimony is admissible, the Court

must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592; *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999)(finding the principles of *Daubert* not limited to "scientific knowledge"). This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue." *Daubert*, 509 U.S. at 592.

The standards articulated in *Daubert* comport with Federal Rule of Evidence 702, which states that an expert witness may testify

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

*Daubert*, in conjunction with Rule 702, "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony...is not only relevant, but reliable." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580 (5th Cir. 2001)(quoting *Kumho*, 526 U.S. at 147). In performing its gatekeeper function prescribed under *Daubert*,

> the district court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."

*United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996)(quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

> As the Court in *Daubert* makes clear, however, the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*Id.* at 1078.

Here, it is clear from a review of Culbertson's expert report that his opinions were formed from the following: Federal, State of Mississippi and State of Louisiana income tax returns for George A. Shoemake and Lisa K. Shoemake for the years 1999, 2000, 2001, and 2002; available Wage and Tax Statements (W-2) for George A Shoemake and Lisa K. Shoemake for the years 1999, 2000, 2001, and 2002; research by Cornell University, Information Bulletin 322IB228, *Household Work: What's it Worth and Why?* (addressing economic loss in the area of non-market household services); and Table Number 628 of the *Statistical Abstract of the United States*, 2004-2005 edition (containing economic calculations for fringe benefits). *See* Culbertson February 22, 2007, Report, attached as Ex. "A" to Defs.' Mot. to Strike.

In his unsworn declaration pursuant to section 1746 of Title 28 of the United States Code, Culbertson testified that the economic calculations he performed, the materials he relied upon, and the opinions and methodology he employed were those routinely used by experts in his field in calculating economic loss. *See* Culbertson Unsworn Decl., attached as Ex. "4" to Pl.'s Resp. to Defs.' Mot. to Strike.[1] There is no

---

[1]Defendants argue that Culbertson's unsworn declaration should be excluded on the grounds that it was created after the discovery and expert deadlines passed, that it contains information that should have been included in the report, and since it is "unsworn." *See* Defs.' Reply at p. 2; Br. in Supp. of Defs.' Reply at p. 3. Upon review of the declaration, the Court finds that it complies with the statutory requirements of

direct challenge apparent from Defendants' Motion to Culbertson's qualifications in terms of his education or experience; rather, Defendants' argument focuses on Culbertson's failure to produce industry standards or peer reviewed papers to support his conclusions.  Defendants also criticize Culbertson's calculations of Plaintiff's future lost income and household services, as well as his inclusion of FICA contributions in computing Plaintiff's economic losses.  *See* Br. in Supp. of Defs.' Mot. to Strike at p. 4-5.

In evaluating an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.  Pursuant to *Daubert*, the following factors *may* be considered in determining the soundness of scientific methodology: (1) whether a theory or technique can be and has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential rate of error; and (4) whether the theory or technique is generally accepted.  *See Kumho,* 526 U.S. at 137-38*; Daubert*, 509 U.S. at 593-94.  However, "[w]hile these are factors that the Court may consider under *Daubert*, there is no requirement that an economist meet each and every factor in order to be found reliable." *Mata v. Lowe's Home Centers, Inc.*, No. SA-04-CA-0691 WWJ, 2006 WL 5159392, at * 3 (W.D. Tex. Feb. 9, 2006)(citing *Kumho*, 526 U.S. 137).

---

section 1746 of Title 28 of the United States Code.  *See* 28 U.S.C. § 1746.  The Court is also of the opinion that the information provided in the declaration is not so dissimilar from the information provided in Culbertson's report so as to be prejudicial to Defendants.  However, if Defendants are of the opinion that the declaration presents new information needing further examination, the Court will, upon proper motion, consider granting them leave to depose Culbertson solely on any new issues raised by the declaration.

Here, Culbertson has supplied testimony that his methodology is routinely used among experts in the field of economics and that it was premised upon peer reviewed materials.  *See* Culbertson Unsworn Decl., attached as Ex. "4" to Pl.'s Resp. to Defs.' Mot. to Strike.  Though Defendants contend that Culbertson's use of peer reviewed materials was insufficient, the Court is of the opinion that "[w]here an expert otherwise reliably utilizes scientific methods to reach a conclusion, lack of textual support may 'go to the weight, not the admissibility' of the expert's testimony."  *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007)(citing *Fed. Deposit Ins. Corp. v. Suna Assocs., Inc.*, 80 F.3d 681, 687 (2d Cir. 1996)); *see also Mata*, 2006 WL 5159392, at *3 (finding an expert's testimony that his methodology was used by virtually all economists sufficient for admissibility under the Federal Rules of Evidence and *Daubert*).  The Court is accorded discretion to determine whether an expert's opinion is reliable.  The Court is satisfied that Culbertson's testimony is based upon sound methodology and meets the admissibility criteria established by the Federal Rules of Evidence and *Daubert*.

The Court is not persuaded by Defendants' argument that Culbertson inappropriately included Federal Insurance Contributions Act ("FICA") contributions in his computation of Plaintiff's economic losses.  *See* Br. in Supp. of Defs.' Mot. to Strike at p. 5.  Culbertson referenced Table Number 628 of the *Statistical Abstract of the United States*, 2004-2005 edition, in calculating this figure.  *See* Culbertson Dep. at p. 24-26, attached as Ex. "C" to Defs.' Mot. to Strike.  "[I]t is well established that in diversity cases in the Fifth Circuit, state law governs the measure of damages."  *Smith*

*v. Industrial Constructors, Inc.*, 783 F.2d 1249, 1250 (5th Cir. 1986).  Because the case at bar is brought under diversity jurisdiction, the Court looks to state law for guidance. In *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149 (Miss. 1992), the Mississippi Supreme Court spoke directly to this issue and found the inclusion of fringe benefits calculated from statistical abstracts proper in assessing economic loss.  *See Flight Line,* 608 So. 2d at 1165-66(stating that "the U.S. Department of Commerce's Statistical Abstract is the sort of data customarily relied upon by economists in forming opinions").

     The Court concludes that Culbertson's testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue."  *Bridges v. Enterprise Products Co., Inc.*, No. 3:05cv786-WHB-LRA, 2007 WL 465738, at *3 (S.D. Miss. Feb. 8, 2007)(citing *Daubert*, 509 U.S. at 591).  To assist the trier of fact, the opinions or testimony of the expert must relate to an issue in the case and "concern matters beyond the understanding of the average person."  *Id.*(quoting 4 WEINSTEIN'S FEDERAL EVIDENCE, § 702.03 (2ed 2003); *see also Daubert,* 509 U.S. at 591(stating whether the testimony assists the trier of fact and concerns an issue in the case is a question of relevancy)*; United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993)(finding "[a]n expert's testimony may take the form of an opinion if it 'serves to inform the jury about affairs not within the understanding of the average man'")(quoting *United States v. Webb*, 625 F.2d 709, 711 (5th Cir. 1980)).  Because the testimony proffered by Culbertson is outside the ordinary knowledge of a layperson and has a direct connection to a material issue in the case, the Court finds that it comports with Rule 702.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that Culbertson's testimony comports with the Federal Rules of Evidence as well as the standards set forth in *Daubert*.  The Court is of the opinion that Defendants' assertions go to the weight rather than to the admissibility of Culbertson's testimony and are most properly tested through "the crucible of adversarial proceedings...." *United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1079 (5th Cir. 1996).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [135] of  Defendants Rental Service Corporation and Prime Equipment & Supply Corp., to Strike Plaintiff's Expert, Dr. Pat Culbertson, filed on September 28, 2007, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE