# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** § | | **PLAINTIFF** |
| § | | |
| **v.** § | Civil Action No. 1:06cv426-HSO-JMR | |
| § | | |
| **RENTAL SERVICE CORP.,** § | | |
| **PRIME EQUIPMENT & SUPPLY CORP.** § | | **DEFENDANTS** |

### ORDER AND REASONS DENYING PLAINTIFF'S MOTION TO LIMIT OR EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT DAVID HOOVER AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO LIMIT OR EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT, DAVID HOOVER

BEFORE THE COURT is a Motion [192] to Limit or Exclude the Testimony of Defendants' Expert David Hoover, filed on December 7, 2007, by Plaintiff George A. Shoemake, in the above captioned cause. Defendants did not file a Response to this Motion.

Also before the Court is a Motion [210] to Strike Plaintiff's Motion to Limit or Exclude the Testimony of Defendants' Expert, David Hoover, filed on January 14, 2008, by Defendants Rental Service Corporation ("RSC") and Prime Equipment & Supply Corp. ("Prime"). Plaintiff filed a Response [218] on January 18, 2008.

After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that both Motions should be denied.

## I. DISCUSSION

Plaintiff asserts that the testimony of Defendants' industrial truck operation and safety expert, David Hoover ("Hoover"), should be limited or excluded on the grounds that his testimony on forklift training lacks a proper evidentiary

foundation and that his qualifications and methodology are insufficient to offer opinions on the duties of the spotter. Plaintiff also argues that Hoover's testimony should be excluded for improperly advocating Defendants' case.

Federal Rule of Evidence 702, as interpreted in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), governs the admissibility of expert testimony and states that an expert witness may testify

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

*Daubert*, in conjunction with Rule 702, "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony...is not only relevant, but reliable." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580 (5th Cir. 2001)(quoting *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999)). In performing its gatekeeper function prescribed under *Daubert*,

> the district court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."

*United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996)(quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

As the Court in *Daubert* makes clear, however, the trial court's role as

>    gatekeeper is not intended to serve as a replacement for the adversary
>    system: "Vigorous cross-examination, presentation of contrary evidence, and
>    careful instruction on the burden of proof are the traditional and appropriate
>    means of attacking shaky but admissible evidence."

*Id.* at 1078.

In determining whether proffered expert testimony is admissible, the Court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert,* 509 U.S. at 592; *see also Kumho Tire,* 526 U.S. at 147(finding the principles of *Daubert* not limited to "scientific knowledge").  This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue." *Daubert,* 509 U.S. at 592.

Here, it is clear from a review of Hoover's expert report that his opinions were formed from the following: various depositions; photographs of the incident site/attempted recreation of the accident; the incident report; certificate of training for Arland Parker; a copy of Parker's operator's card; recorded conversations of various individuals; report of Plaintiff's industrial safety expert, Dennis Howard; operators' workbook for rough terrain forklifts; Prime Equipment's forklift training manual; and various OSHA documents.  *See* Hoover Expert Report, attached as Ex. "1" to Br. in Supp. of Pl.'s Mot. to Exclude.  Hoover's opinions are also based upon fifteen (15) years of occupational experience in forklift training. *See id.*; Br. in Supp. of Pl.'s Mot. to Exclude at p. 9(quoting Hoover Dep. at p. 61, attached as Ex. "A" to

Suppl. Br. in Supp. of Pl.'s Mot. for Partial Summ. J.).

In evaluating an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. Plaintiff challenges the evidentiary foundation of Hoover's opinions on forklift training, however, Plaintiff does not challenge the reliability of the sources Hoover referenced. Because the Court finds that Hoover's testimony is based on sufficient facts and data, the Court is of the opinion that Plaintiff's assertions go to the weight, not the admissibility, of Hoover's testimony.

Plaintiff also challenges Hoover's methodology underlying his opinions on the duties of the spotter. The Court does not find Hoover's methodology insufficient merely because it was based upon experience rather than upon actual textual or scientific data. *See United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006)(finding that in certain cases, "other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations."). Ultimately, the expert must "employ[ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Here, there is "no official government or industry criteria or standards applicable to a forklift spotter." Br. in Supp. of Pl.'s Mot. to Exclude at p. 10. For this reason, methodology based upon textual or scientific data would be difficult, if not impossible. The Court finds that, under the circumstances, Hoover's methodology based upon his experience or observations with respect to spotters is sufficient under the Federal Rules of Evidence and *Daubert*.

Plaintiff also questions Hoover's qualifications for proffering expert testimony on the duties of the spotter. In determining whether an expert is qualified to render testimony, the Court must discern whether "the witness [has] such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004)(quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)).

Though Hoover's company does not train forklift spotters, the Court finds that, based on the record, Hoover's exposure to forklifts has supplied him with experience sufficient to render him qualified to offer opinions on the duties of forklift spotters. As the Fifth Circuit has noted, "[a]s long as some reasonable indication of qualification is adduced, the court may admit the evidence without abdicating its gate-keeping function." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999)(superceded by statute on other grounds).

Lastly, the Court is not persuaded by Plaintiff's argument that Hoover's testimony should be stricken on the grounds that he wrongfully advocated for Defendants' case. Rather, the Court is of the opinion that Plaintiff's arguments go to the weight rather than the admissibility of Hoover's testimony and are most properly tested through "the crucible of adversarial proceedings...." *14.38 Acres of Land*, 80 F.3d at 1079.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law,

the Court finds that Hoover's testimony comports with the Federal Rules of Evidence as well as the standards set forth in *Daubert*.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [192] of Plaintiff George A. Shoemake, to Limit or Exclude the Testimony of Defendants' Expert David Hoover, filed on December 7, 2007, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [210] of Defendants Rental Service Corporation and Prime Equipment & Supply Corp., to Strike Plaintiff's Motion to Limit or Exclude the Testimony of Defendants' Expert, David Hoover, filed on January 14, 2008, should be and is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE