IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** § | | **PLAINTIFF** |
| § | | |
| **v.** § | Civil Action No. 1:06cv426-HSO-JMR | |
| § | | |
| **RENTAL SERVICE CORP.,** § | | |
| **PRIME EQUIPMENT & SUPPLY CORP.** § | | **DEFENDANTS** |

## ORDER AND REASONS GRANTING PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE APPLYING INCORRECT OSHA STANDARD

BEFORE THE COURT is a Motion in Limine to Exclude Evidence Applying Incorrect OSHA Standard [196], filed on December 7, 2007, by Plaintiff George A. Shoemake, in the above captioned cause pursuant to Rule 403 of the Federal Rules of Evidence.  Defendants filed a Response [207] and Plaintiff filed a Reply [215].

After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that Plaintiff's Motion should be granted.

## I. DISCUSSION

Plaintiff asserts that Defendants should be prohibited from arguing that because an employer, not a third party trainer, is the proper party to receive a fine for a violation of chapter 29, section 1910.178 of the Code of Federal Regulations, Defendants are therefore absolved of any liability to Plaintiff in this case.  Any such argument would, according to Plaintiff, prejudice him and lead to jury confusion.

Rule 403 states that

[a]lthough relevant, evidence may be excluded if its probative value is

>   substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

Here, the parties appear to agree that the Occupational Safety and Health Administration ("OSHA") standards codified in section 1910.178 are relevant to the instant case. The Court is of the opinion that the probative value of the OSHA regulation substantially outweighs any danger of unfair prejudice and may assist the jury in its determination of liability. Both parties are entitled refer to this regulation to the extent it is relevant to the issues in this case. However, Defendants and Plaintiff are cautioned that misstating the law to the jury is improper and will not be permitted at the trial of this case.

The Court, not the parties, will instruct the jury on the law and the weight and any interpretation to be afforded the OSHA regulation. As stated in the Court's January 3, 2008, Order ruling on the parties' Motions for Summary Judgment, OSHA regulations are not conclusive of a party's liability in a civil case. *See* Ct. Order 206 (stating "[i]n a civil case, a plaintiff is afforded the right to use OSHA violations as evidence of negligence against a non-employer and have the trier of fact weigh this evidence, along with all other evidence presented at trial, in making a liability determination."). That an employer may be held liable by a regulatory agency for violating a particular regulation does not automatically preclude a jury from finding independent tort liability on the part of a third party, such as Defendants in this case.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that appropriate use of chapter 29, section 1910.178 of the Code of Federal Regulations comports with Rule 403 of the Federal Rules of Evidence, subject to the limitation that it is the province of the Court, not the parties or their experts, to instruct the jury on the law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [196] of Plaintiff George A. Shoemake, in Limine to Exclude Evidence Applying Incorrect OSHA Standard, filed on December 7, 2007, should be and is hereby **GRANTED**.  The Court will permit introduction of the relevant regulation into evidence, but will not permit improper or misleading arguments and evidence regarding the applicable law in this case.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE