IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** § | | **PLAINTIFF** |
| §| | |
| **v.** § | Civil Action No. 1:06cv426-HSO-JMR | |
| § | | |
| **RENTAL SERVICE CORP.,** § | | |
| **PRIME EQUIPMENT & SUPPLY CORP.** § | | **DEFENDANTS** |

### ORDER AND REASONS DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO THE ALLEGED TRAINING SCENARIO CAUSING THE ACCIDENT

BEFORE THE COURT is a Motion in Limine to Exclude the Alleged Training Scenario Causing the Accident [213], filed on January 14, 2008, by Defendants Rental Service Corporation and Prime Equipment, in the above captioned cause. Plaintiff filed a Response [221] on January 18, 2008.

After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that Defendants' Motion should be denied.

I. DISCUSSION

Defendants assert that testimony regarding the alleged "training scenario" with respect to training received by Arland Parker, the forklift operator involved in the accident which is the subject of this litigation, is not relevant and is highly prejudicial pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Rule 401 of the Federal Rules of Evidence governs the admission of relevant evidence and states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Here, the Court finds that testimony regarding Mr. Parker's training, or any deficiencies therein, is highly relevant and probative of the issues presented in the case. Though this evidence may be adverse to Defendants, the Court finds that its probative value would substantially outweigh any danger of unfair prejudice and may assist the jury in its determination of liability. Ultimately, it will be for the jury to determine whether or not the forklift operator was properly trained and, if not, whether any deficiencies in his training were causally connected to the incident.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that testimony regarding Arland Parker's alleged training, or lack thereof, comports with Rules 401 and 403 of the Federal Rules of Evidence.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [213] of Defendants Rental Service Corporation and Prime Equipment, in Limine to Exclude the Alleged Training Scenario Causing the Accident, filed on January 14, 2008, should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 23rd day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE