IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** § | | **PLAINTIFF** |
| § | | |
| **v.** § | Civil Action No. 1:06cv426-HSO-JMR | |
| § | | |
| **RENTAL SERVICE CORP.,** § | | |
| **PRIME EQUIPMENT & SUPPLY CORP.** § | | **DEFENDANTS** |

### ORDER AND REASONS GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DRUG USAGE

BEFORE THE COURT is a Motion in Limine to Exclude Evidence of Drug Usage [194], filed on December 7, 2007, by Plaintiff George A. Shoemake, in the above captioned cause. Defendants filed a Response [212] and Plaintiff filed a Reply [220].

After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that Plaintiff's Motion should be granted, reserving to Defendants the right to reurge their position at a later date if warranted, as set forth below.

### I. DISCUSSION

Plaintiff asserts that evidence regarding Plaintiff's usage of illegal drugs, specifically marijuana, should be excluded at trial pursuant to Rule 403 of the Federal Rules of Evidence, since its probative value would be substantially outweighed by the danger of unfair prejudice to Plaintiff.

Issues regarding admissibility of evidence are questions of federal law. *See Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981); 19 C. WRIGHT, ET

AL, FEDERAL PRACTICE AND PROCEDURE § 4512 (1982) ("If a [Federal] Rule of Evidence covers a disputed point of evidence, the Rule is to be followed, even in diversity cases, and state law is pertinent only if and to the extent the Rule makes it so."). Rule 403 states that

> [although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

Here, Defendants claim that Plaintiff's medical records indicate the presence of "cannabinoids on tox screen" at or around the time of the accident. *See* Defs.' Resp. at p. 2(quoting KAFB April 24, 2003, Medical Report, attached as Ex. "B" to Defs.' Resp.). However, at least at this juncture, Defendants do not offer any evidence that any presence of drugs impaired Plaintiff or in any way contributed to this incident. If Defendants are able to develop evidence sufficient to lay a proper foundation at trial, outside the hearing of the jury, that Plaintiff was under the influence of drugs or otherwise impaired by drugs at the time of the accident, and that such drug usage or impairment contributed to the accident, the use of illegal drugs could possibly be relevant and probative. Absent such a foundation, and based upon the current record, the Court is of the opinion that evidence of Plaintiff's drug usage should be excluded pursuant to Rule 403, as its probative value, if any, would be substantially outweighed by the danger of unfair prejudice.

The Court was informed at the January 23, 2008, Pretrial Conference in this

case that Defendants, at this point, do not have any testimony or other evidence that Plaintiff was impaired by drugs at the time of the accident, or that such drug usage or impairment contributed to the accident.  Based on the foregoing, the Court is of the opinion that Plaintiff's Motion should be granted, subject to Defendants' right reurge their position should they develop further evidence prior to trial.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that evidence of Plaintiff's illegal drug usage should not be admitted at the trial of this case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [194] of Plaintiff George A. Shoemake, in Limine to Exclude Evidence of Drug Usage, filed on December 7, 2007, should be and is hereby **GRANTED**, subject to Defendants' right to reurge their position as set forth herein.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE