**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:06cv426-HSO-JMR** |
| | § | |
| **RENTAL SERVICE CORP.,** | § | |
| **PRIME EQUIPMENT & SUPPLY CORP.** | § | **DEFENDANTS** |

**ORDER AND REASONS GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO LIMIT OR EXCLUDE THE TESTIMONY OF**
**DEFENDANTS' EXPERT JAMES W. STANLEY AND DENYING AS MOOT**
**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO LIMIT OR**
**EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT JAMES W. STANLEY**

BEFORE THE COURT is a Motion [190] to Limit or Exclude the Testimony

of Defendants' Expert James W. Stanley, filed on December 7, 2007, by Plaintiff

George A. Shoemake, in the above captioned cause.  Defendants did not file a

Response to this Motion.

Also before the Court is a Motion [209] to Strike Plaintiff's Motion to Limit or

Exclude the Testimony of Defendants' Expert James W. Stanley, filed on January

14, 2008, by Defendants Rental Service Corporation ("RSC") and Prime Equipment

& Supply Corp. ("Prime").  Plaintiff filed a Response [217] and Defendants filed a

Reply [229].

After consideration of the submissions and the relevant legal authorities and

for the reasons discussed below, the Court finds that Plaintiff's Motion should be

granted in part and denied in part, and that Defendants' Motion should be denied.

I. <u>DISCUSSION</u>

Plaintiff asserts that the testimony of Defendants' expert on forklift safety

regulations, James W. Stanley ("Stanley"), should be limited or excluded on the

grounds that his opinions regarding forklift operator training and the duties of a

forklift spotter lack proper foundation.  Plaintiff also argues that Stanley should not

be allowed to speculate regarding what an OSHA investigation may have

determined since such testimony would confuse and mislead the jury.

Federal Rule of Evidence 702, as interpreted in *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), governs the admissibility of expert

testimony and states that an expert witness may testify

> [i]f scientific, technical, or other specialized knowledge will assist the trier of
> fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or education,
> may testify thereto in the form of an opinion or otherwise, if (1) the testimony
> is based upon sufficient facts or data, (2) the testimony is the product of
> reliable principles and methods, and (3) the witness has applied the
> principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

*Daubert*, in conjunction with Rule 702, "imposes a special obligation upon a

trial judge to ensure that any and all scientific testimony...is not only relevant, but

reliable."  *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580 (5th Cir.

2001)(quoting  *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999)).  In

performing its gatekeeper function prescribed under *Daubert*,

> the district court should approach its task "with proper deference to the jury's
> role as the arbiter of disputes between conflicting opinions.  As a general

rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."

*United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996)(quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

As the Court in *Daubert* makes clear, however, the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*Id.* at 1078.

In determining whether proffered expert testimony is admissible, the Court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592; *see also Kumho Tire*, 526 U.S. at 147(finding the principles of *Daubert* not limited to "scientific knowledge"). This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue." *Daubert*, 509 U.S. at 592.

Here, there does not appear to be any serious dispute that Stanley is not an expert in forklift training. *See* Br. in Support of Pl.'s Mot. to Exclude at p. 8-9.[1] Further, Defendants have not put forward any evidence indicating that Stanley is qualified to testify about the duties of forklift spotters. Because the Court has

---

[1]At the January 23, 2008, Pretrial Conference, the Court was informed that Defendants do not intend to offer Mr. Stanley to testify about forklift training.

found Defendants' industrial truck operation and safety expert, David Hoover,

qualified to testify in both of these areas, the Court also finds that any additional

testimony by Stanley on these subjects would be cumulative.  *See* Ct. Order 226.

Based on the foregoing, Stanley should be prohibited from offering opinions at the

trial of this case pertaining to these matters.

Based upon a reading of Stanley's expert report and the parties' submissions,

Stanley is qualified to testify about Occupational Safety and Health Administration

("OSHA") regulations.  *See* Stanley Expert Report, attached as Ex. "1" to Pl.'s Mot.

to Exclude.  Plaintiff's Motion contends that any testimony speculating what an

OSHA investigation might have determined would be unduly prejudicial and

confusing pursuant to Rule 403 of the Federal Rules of Evidence.  Rule 403 states

that

> [a]lthough relevant, evidence may be excluded if its probative value is
> substantially outweighed by the danger of unfair prejudice, confusion of the
> issues, or misleading the jury, or by considerations of undue delay, waste of
> time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

The Court is of the opinion that the probative value of testimony regarding

the subject OSHA regulation outweighs any danger of unfair prejudice and may

assist the jury in its determination of liability.  However, because "[e]xpert

testimony regarding the interpretation of law would usurp the role of the Court,"

Stanley is prohibited from offering testimony at trial interpreting the regulation or

any of its provisions.  *See Arredondo v. Flores*, No. L-05-191, 2007 WL 4563419, at

*1 (S.D. Tex. Feb. 15, 2007)(quoting *Federal Aviation Admin. v. Landy*, 705 F.2d 624, 632 (2nd Cir. 1983)); *see also Coca-Cola v. Atchison*, 608 F.2d 213, 222 (5th Cir. 1979)(stating that interpretation of a regulation presents an issue of pure law). Stanley is, however, permitted to testify as to what the regulation says or opine as to whether or not it was violated.

Defendants and Plaintiff are cautioned that misstating the law to the jury is improper and will not be permitted at the trial of this case.  The Court, not the parties, will instruct the jury on the law and the weight and any interpretation to be afforded the OSHA regulation.

## II.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that testimony on the subject OSHA regulation, within the parameters set forth in this Order, comports with the Federal Rules of Evidence as well as the standards set forth in *Daubert*.  However, because Stanley is not qualified as an expert on forklift operator training or the duties of a spotter, he is prohibited from testifying in these areas.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [190] of Plaintiff George A. Shoemake, to Limit or Exclude the Testimony of Defendants' Expert James W. Stanley, filed on December 7, 2007, should be and is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, consistent with the

reasons cited herein, the Motion [209] of Defendants Rental Service Corporation
and Prime Equipment & Supply Corp.,to Strike Plaintiff's Motion to Limit or
Exclude the Testimony of Defendants' Expert James W. Stanley, filed on January
14, 2008, should be and is hereby **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED**, this the 28th day of January, 2008.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE