**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:06cv426-HSO-JMR** |
| | § | |
| **RENTAL SERVICE CORP.,** | § | |
| **PRIME EQUIPMENT & SUPPLY CORP.** | § | **DEFENDANTS** |

**ORDER AND REASONS GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING**
**DRIVING ABILITY OF FORKLIFT OPERATOR OR LAY OPINIONS REGARDING**
**THE FORKLIFT TRAINING IN THIS CASE**

BEFORE THE COURT is a Motion in Limine to Exclude Testimony

Regarding Driving Ability of Forklift Operator or Lay Opinions Regarding the

Forklift Training in this Case [198], filed on December 7, 2007, by Plaintiff George

A. Shoemake, in the above captioned cause.  Defendants filed a Response [208] and

Plaintiff filed a Reply [216].

After consideration of the submissions and the relevant legal authorities and

for the reasons discussed below, the Court finds that Plaintiff's Motion should be

granted in part and denied in part.

I. DISCUSSION

Plaintiff asserts that testimony or other evidence stating that Arland Parker

("Parker"), the driver of the forklift on the date of the accident, was a "good driver"

should be excluded pursuant to Rules 404(a), 403, 701 and 702 of the Federal Rules

of Evidence.

As a general rule in a civil case, "evidence of a person's character or a trait of

character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." FED. R. EVID. 404(a); *see also* FED. R. EVID. 404(b)(stating that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."). "The reason for the rule is that such character evidence is of slight probative value and tends to distract the trier of fact from the main question of what actually happened on a particular occasion." *Jones v. Southern Pacific R.R.*, 962 F.2d 447, 449 (5th Cir. 1992)(finding a train conductor's prior safety infractions inadmissible to show that the conductor was negligent in conducting the train the day of the wreck). Here, the Court is of the opinion that any testimony or evidence stating that Parker was a "good driver" in general would be used to prove that Parker was acting in conformity therewith on the day of the accident. Such testimony is not admissible under the Federal Rules of Evidence.

The Court is also of the opinion that whether Parker was generally a "good driver" is irrelevant to the issues in this case. Rule 401 of the Federal Rules of Evidence governs the admission of relevant evidence and states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Whether Parker was properly trained and whether he operated the forklift in a competent manner at the time of the accident are the primary issues in this case, and the Court does not see how Parker's general trait as a "good driver" would properly

assist the jury in its determination of liability on the basis of these issues.

However, the Court is of the opinion that lay testimony regarding Parker's training and ability to operate a forklift is permissible from those persons who, by law, were in the position, and had the responsibility, to train, evaluate, or oversee his training and operation of the forklift. These individuals would include Parker's employer or any other persons to whom such duties were delegated. *See* 29 CFR § 1910.178(l) (stating that the employer "shall ensure that each powered industrial truck operator is competent to operate a powered industrial truck safely, as demonstrated by the successful completion of the training and evaluation specified in this paragraph (l)); *see also* Powered Industrial Truck Operator Training; Final Rule, 63 Fed. Reg. 66237-66274 (Dec. 1, 1998)(stating that "[s]ince the proposal, OSHA has changed the language of the final rule to clarify that the employer does not need to administer the training but may have it provided by an outside training provider."). The parties' designated experts should also be permitted to offer testimony regarding Parker's forklift training and ability, subject to the limitations set forth in the Court's previous Orders addressing the various Motions to Strike the parties' experts. *See, e.g.,* Ct. Order Nos. 223, 224, 225.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion [198] of Plaintiff George A. Shoemake, in Limine to Exclude Testimony Regarding Driving Ability of Forklift Operator Or Lay Opinions Regarding the Forklift Training in This Case, filed on December 7, 2007,

should be and is hereby **GRANTED IN PART AND DENIED IN PART.**

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2008.


_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE