IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE A. SHOEMAKE** § | | **PLAINTIFF** |
| § | | |
| **v.** § | Civil Action No. 1:06cv426-HSO-JMR | |
| § | | |
| **RENTAL SERVICE CORP.,** § | | |
| **PRIME EQUIPMENT & SUPPLY CORP.** § | | **DEFENDANTS** |

### ORDER AND REASONS DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTERNAL POLICIES AND PROCEDURES

BEFORE THE COURT is a Motion in Limine to Exclude Internal Policies and Procedures [137], filed on September 28, 2007, by Defendants Rental Service Corporation and Prime Equipment & Supply Corp., in the above captioned cause. Plaintiff filed a Response [150] and Defendants filed a Reply [159].

After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be denied.

### I. DISCUSSION

Defendants assert that testimony and evidence regarding their internal policies and procedures should be excluded from the trial of this case on the grounds that it is not relevant and is highly prejudicial pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Rule 401 of the Federal Rules of Evidence governs the admission of relevant evidence and states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Rule 403 states that

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

The Court understands Defendants' concerns and the public policy arguments in favor of their position. However, Defendants do not point to any Fifth Circuit precedent prohibiting use of internal guidelines as evidence of negligence. *See* Br. in Supp. of Defs.' Mot. p. 7-10. Plaintiff, on the other hand, has referenced a number of Fifth Circuit cases supporting this position. *See Tringali Bros. v. United States*, 630 F.2d 1089, 1093 (5th Cir. 1980)(finding internal guidelines may be used as evidence of negligence, but are not conclusive of negligence); *see also Gordon v. SouthTrust Bank*, 108 Fed. Appx. 837, 842 (5th Cir. 2004)(finding that a jury may consider a defendant's failure to follow internal guidelines when making its liability determination); *Quijano v. United States*, 325 F.3d 564, 568 (5th Cir. 2003)(finding internal policies and procedures to be evidence of the standard of care). This Court is duty-bound to follow the law of this Circuit and finds that, though they are not conclusive and are not by themselves determinative of the standard of care, internal guidelines are considered relevant evidence and may be properly introduced pursuant to Fifth Circuit case law.

The Court also finds that testimony or other evidence regarding Defendants'

internal policies and procedures on forklift training is relevant and probative to the issues presented in the case. Though not conclusive on the issue of liability, both parties are entitled to refer to Defendants' internal guidelines and the jury is entitled to consider these guidelines, along with all other evidence in this case, including the subject Occupational Safety and Health Act ("OSHA") regulation,[1] in making its determination of liability. *See Tringali*, 630 F.2d at 1093.

The parties should be mindful, however, that neither the OSHA regulation nor Defendants' guidelines conclusively establish the relevant standard of care in this instance. It will be within the jury's province, based upon the Court's instructions on the law, to determine the extent to which the regulation, or the internal guidelines, or neither the regulation nor the internal guidelines, should inform the requisite standard of conduct and whether that standard was breached. *See, e.g., Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, n. 22 (5th Cir. 1981) (stating "[t]his use of the OSHA regulations and ANSI standards differs from their use to establish negligence per se: here, [Plaintiff] is using the regulations only as evidence of negligence, which the trier of fact 'may accept or reject as it sees fit.'").

## II. CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that testimony and evidence regarding Defendants' internal policies and procedures comports with Rules 401 and 403 of the Federal Rules of Evidence.

---

[1] This regulation is codified in chapter 29, section 1910.178 of the Code of Federal Regulations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, consistent with the reasons cited herein, the Motion of Defendants Rental Service Corporation and Prime Equipment & Supply Corp. [137] in Limine to Exclude Internal Policies and Procedures, filed on September 28, 2007, should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 30th day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE